**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMEY PERRY, | No. 21-55513 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:20-cv-02996-GW-AGR |
| RICHARD J. GOTTLIEB, in individual capacity; in representative capacity as trustee of the Richard J. Gottlieb Separate Property Trust dated July 30, 2018, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 10, 2022**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Jamey Perry appeals from a final order of dismissal, following the district court's denial of her motion to amend her complaint in this disability action against Richard Gottlieb, a clothing store owner. Perry sought injunctive relief under Title III of the ADA against Gottlieb because of accessibility barriers at his store. Gottlieb removed the accessibility barriers, and the court dismissed her ADA claim as moot. Perry then requested leave to amend her complaint to seek nominal damages under Title III of the ADA, and the district court denied her request as futile. "We review the denial of leave to amend for an abuse of discretion, but we review the futility of amendment de novo." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly found that plaintiffs may not seek nominal damages under Title III of the ADA. *Arroyo v. Rosas*, 19 F.4th 1202, 1205–06 (9th Cir. 2021); *see also* 42 U.S.C. §§ 12188(a)(1), 2000a-3(a). Because Perry sought to amend her complaint to request this legally unavailable form of relief, the district court properly deemed her request futile.

2. The district court also correctly concluded that our precedent holding that nominal damages are unavailable under Title III of the ADA is not clearly irreconcilable with the Supreme Court's decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003)

2

(en banc). In *Uzuegbunam*, the Supreme Court addressed only standing, holding "that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." 141 S. Ct. at 801–02. But the Supreme Court did not address the availability of nominal damages under Title III of the ADA. Nor did it hold that nominal damages are now available as an inherent remedy for all legal injuries.

**AFFIRMED.**